## Paul Bohlander, Defendant in Error, v. John Oshinski, Plaintiff in Error.

### Gen. No. 17,342.

CONTRACTS—*consideration.* One who had transferred his interest in premises to another had thereafter no title to improvements and an agreement by a later purchaser to pay him for such improvements was without consideration.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed. Opinion filed October 1, 1912.

HARRY C. LEEMON, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

In his amended statement of claim, the plaintiff, Bohlander, claimed a balance of $85 due from Oshinski, plaintiff in error, "for the purchase price of furniture, $15, and for $100 for sale of house and improvements thereon," alleging $30 was paid thereon prior to suit.

Oshinski's affidavit of merits admitted the payment of $30, but alleged it was for articles bought of plaintiff, and denied owing plaintiff any sum. The court's finding and judgment was for plaintiff in the sum of $85.

From the certified statement of facts it appears that Bohlander made a contract to purchase of one Hiss a certain house and lot, on which he paid $450. He was given possession of the same and made some improvements thereon which, from their nature, became attached to the realty. Subsequently, he surrendered to Hiss his contract and the possession he acquired thereunder and took in exchange a vacant lot. At or about

the same time of such exchange, Oshinski made a contract to purchase said premises from Hiss, paid him $150 thereon, and took possession thereof. Coincident with the transaction or a little later, Oshinski bought of Bohlander some personal property on the premises, and claims that the $30 paid to Bohlander was entirely for such personal property, while Bohlander claims that $15 of it was part payment on a verbal agreement between them that Oshinski should pay him $100 for said improvements. Oshinski denied making any such agreement and claims that if made it comes within the statute of frauds. It is unnecessary to consider either contention because the title to the realty (which included the improvements aforesaid) was at all times in Hiss, and whatever right Bohlander had to said premises was surrendered with his contract to Hiss. He manifestly had no title to the improvements to give. If therefore such a contract as he claims was entered into between him and Oshinski, and the same were otherwise legal, there was no consideration to support it.

Judgment of the court below will, therefore, be reversed.

*Reversed.*